Kim J. Landsman
Ana-Claudia Roderick
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300
E-mail: klandsman@golenbock.com

Attorneys for Plaintiffs CHF Productions LLC d/b/a
Comedy Hall of Fame, Comedy Hall Of Fame Foundation,
and Jeffrey Pancer

**12 CIV 2986**

APR 16 2012
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHF PRODUCTIONS LLC,
D/B/A COMEDY HALL OF FAME
COMEDY HALL OF FAME FOUNDATION,
and JEFFREY PANCER.,

     Plaintiff,

-against-

NATIONAL COMEDY HALL OF FAME, INC.,

     Defendant.
-----------------------------------------------------------x

12 Civ. 2986 (JGK)

ECF Case

**COMPLAINT**

  Plaintiffs CHF Productions LLC d/b/a Comedy Hall of Fame, Comedy Hall Of Fame Foundation, and Jeffrey Pancer ("Plaintiffs") by their undersigned attorneys, for their Complaint against Defendant Comedy Hall of Fame, Inc. ("Defendant"), alleges as follows:

  1. This is an action for declaratory and injunctive relief to stop Defendant from falsely claiming that it has exclusive rights to the name "Comedy Hall of Fame," that it has federal registrations for that name, and that use of the name by anyone else is a criminal act. Plaintiffs, who have used that trademark in seeking deals for television

programming and related commercial and charitable activities have been harmed by these false statements and by Defendant's contentions that they are infringing.the alleged trademark.

## PARTIES AND JURISDICTION

2.     Plaintiff CHF Productions LLC is a New York Limited Liability Company doing business as Comedy Hall of Fame, with an address at 244 Fifth Avenue, Suite 2506, New York, NY 10001.  It was formed to produce comedy programming and and to promote comedy as an art form by studying comedy in all formats, including but not limited to live performance, literary works, commentary, and cartooning, and to analyze the historical impact of these works.  It regularly conducts business through Manhattan..

3.     Plaintiff Comedy Hall of Fame Foundation is a charity registered and operating under to § 501 (c )(3) of the Internal Revenue Code that is organized and existing under the laws of the State of New York with an address at 244 Fifth Avenue, Suite 2506, New York, NY 10001.  It was established to implement educational initiatives that raise awareness of comedy's power to communicate.  It conducts classes throughout New York City.

4.     Plaintiff Jeffrey Pancer is an individual who resides at 26 Rolling Drive Brookville, New York.  He founded CHF Productions LLC and Comedy Hall of Fame Foundation, serves as the principal executive officer of the former, and regularly business in Manhattan..

5.     Upon information and belief, defendant is a corporation organized and existing under the laws of the State of Florida with a place of business in Seminole, Florida.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because it is a civil action in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and a citizen of a foreign state.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district under New York's Civil Practice and Rules § 302(a)(2) and (3).

## COMMON FACTUAL ALLEGATIONS

8. Plaintiff Jeffrey Pancer owns and has applied to register the mark "Comedy Hall of Fame," in the United States Patent and Trademark Office ("PTO") in

  A. International Class 43 for "restaurant services featuring a venue for comedy performances" (Serial Number 785202590; and

  B. International Class 41 for "television programming; live music concerts, live performances by a musical band and live, televised appearances by a professional entertainer" (Serial Number 766210970).

9. Mr. Pancer has licensed use of the mark to two entities he owns and controls, CHF Productions LLC and Comedy Hall of Fame Foundation. CHF Productions LLC has used the "Comedy Hall of Fame" mark to to enlist the cooperation of comedy professionals in its productions and to promote proposed television programming. Comedy Hall of Fame Foundation has used the mark in connection with educational programs involving educators, journalists, comedic professionals, and museums, including classes in public schools throughout New York City.

10. Defendant opposed Pancer's registration of the "Comedy Hall of Fame" mark in International Class 41 by commencing a proceeding in the Trademark Trial and

Appeal Board incaptioned <u>Comedy Hall of Fame, Inc. v. Jeffrey Pancer</u>, Opposition No. 91194358, on March 31, 2010. A copy of the Notice of Opposition is annexed hereto as Exhibit 1.

11.   Defendant's Notice of Opposition alleges, among other things, at paragraph 15 that Mr. Pancer's "use of the mark COMEDY HALL OF FAME in connection with the services described in Application Serial No. 76621097 interferes with [Defendant]'s use of its NATIONAL COMEDY HALL OF FAME mark and is likely to cause the public to believe that the services of Applicant originate with [Defendant], or vice versa, or that Applicant is owned or controlled by or in some manner affiliated or associated with [Defendant], or vice versa, and is otherwise likely to cause confusion, cause mistake or deceive, in violation of Section 2(d) of the Lanham Act."

12.   Upon information and belief, Defendant owns and operates a website with the URL of http://www.comedyhall.com. That website puts the ® symbol at numerous points after the words "Comedy Hall of Fame." The ® symbol is intended to and does communicate to the public that the mark with which it is used is federally registered for the class of goods or services with which the symbol is used.

13.   Defendant's website also prominently contains the following "Warning": "The words Comedy Hall Of Fame (R) or National Comedy Hall Of Fame (R) are registered trademarks of the Comedy Hall Of Fame, Inc. and are protected by over 50 trademarks under State, Federal, and International Law both in the United States, Canada, & The United Kingdom. Any use of the above names or anything close to the above names that can confuse the public is a criminal act. Trademark Infringement, is a violation of State Law, The Lathham [sic] Act, and International Law."

14.     The above statements are intended and do convey to the public that Defendant has the exclusive right to use the words "Comedy Hall of Fame" and that anyone else's use of those words would not just be liable under state and federal law, but could be subject to criminal penalties.

15.     These statements are false and misleading because the asserted marks are not federally registered and Defendant has no exclusive right to use them. To the contrary, as the records of the PTO show and Defendant admitted in it is Notice of Opposition, Defendant allowed its federal registration to be cancelled as of July 10, 2004. Furthermore, the words as used in connection with the services of a museum or of a hall of fame relating to the history of comedy are generic or so highly descriptive that no party may claim exclusive rights.

16.     Indeed, Defendant alleges in paragraphs 8 and 9 of its Notice of Opposition that "[t]he terms "Comedy" and "Hall of Fame" directly describe characteristics, functions, features, purposes, attributes and properties of the services with which Applicant's mark is or will be used," so that Applicant's mark COMEDY HALL OF FAME is merely descriptive of the services listed in" the trademark application. Defendant attempts to distinguish its own descriptive use of those terms by claiming that its use has achieved secondary meaning: that its use "has become distinctive of and associated in the minds of the public with Opposer as a well-known provider of its services.

17.     Defendant's claim that its mark has achieved secondary meaning is not correct. To the contrary, Defendant has done little to nothing to promote its mark or to make it known to potential customers.

18. Defendant's false and misleading statements harm Plaintiffs' reputation and cast doubt on their ability to ability to operate under their chosen business name. The false and misleading statements have thereby hindered Plaintiffs in their attempts to negotiate agreements to provide and disseminate content under the Comedy Hall of Fame name.

### First Claim for Relief – For a Declaration of Non-Infringement

19. Plaintiffs hereby repeat and reallege the facts and allegations set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. Defendant has accused Plainitffs of trademark infringement and has otherwise harmed Plaintiffs' in a manner that is not readily susceptible to quantification in damages.

21. By reason of the foregoing, an actual controversy exists as to whether Defendant has the exclusive right to use "Comedy Hall of Fame" that it claims and whether Plaintiffs are infringing any valid trademark.

22. By reason of the foregoing, Plaintiffs are entitled to a declaration that Defendant has no exclusive right to use "Comedy Hall of Fame" for a museum on the theme of comedy and that Plaintiffs' use of that name for their own services does not infringe any right of Defendant.

### Second Claim for Relief – False and Deceptive Advertising

23. Plaintiffs hereby repeat and reallege the facts and allegations set forth in paragraphs 1 through 18 above as if fully set forth herein.

24. The "Warning" placed on the first page of defendant's website contains statements that are false and deceptive, including but not limited to the statement that

"The words Comedy Hall Of Fame (R) or National Comedy Hall Of Fame(R) are registered trademarks of the Comedy Hall Of Fame, Inc." in the United States.

25. By reason of the foregoing, defendant has violated Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and the statutes and common law of the States of New York and Florida, including New York General Business Law § 350, and Florida Deceptive and Unfair Trade Practices Act, FLA STAT. ANN § 501.201, et seq.

### RELIEF SOUGHT

Wherefore, Plaintiffs respectfully request that this Court enter judgment against Defendant as follows:

A. Declaring that Defendant has no exclusive right to use the name "Comedy Hall of Fame" for a museum or otherwise;

B. Declaring that Plaintiffs' use of the words "Comedy Hall of Fame" for their activities does not infringe any right of Defendant;

C. Enjoining Defendant from stating or implying that

   a. It owns exclusive rights in the name "Comedy Hall of Fame" used alone or in combination with other words;

   b. It has a federal registration for the trademark National Comedy Hall of Fame;

   c. Plaintiffs' use of the name "Comedy Hall of Fame" in commerce is likely to cause confusion with Defendant, and that plainitffs are therefore liable for trademark infringement or for any civil or criminal liability.

D.  Awarding Plaintiffs their attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

E.  Awarding Plaintiffs such other relief as may be just and equitable under the circumstances.

Dated: April 16, 2012

Respectfully submitted,

*[signature]*

Kim J. Landsman
Ana-Claudia Roderick
GOLENBOCK EISEMAN ASSOR
   BELL & PESKOE LLP
437 Madison Avenue
New York, NY 10022
Tel. (212) 907-7300
Fax (212) 754-0777
Email klandsman@golenbock.com

*Attorneys for Plaintiffs CHF Productions LLC d/b/a Comedy Hall of Fame, Comedy Hall Of Fame Foundation, and Jeffrey Pancer*